UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHERIE R. DILLON, individually and as the trustee of THE KENNETH AND CHERIE DILLON LIVING TRUST; KENNETH G DILLON, individually and as the trustee of THE KENNETH AND CHERIE DILLON LIVING TRUST; THE KENNETH AND CHERIE DILLON LIVING TRUST; THE KENNETH AND CHERIE DILLON IRREVOCABLE TRUST; AND SUE SHELLY, trustee of THE KENNETH AND CHERIE DILLON IRREVOCABLE TRUST,<br><br>Defendants. | Case No. 1:23-cv-00355-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Cherie Dillon's Motion to Dismiss (Dkt. 8).

For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In August 2023, the United States sued the above-named defendants in an

effort to set aside or void an allegedly fraudulent transfer real property—namely, a transfer of the Dillons' residence. The United States asserts four claims: two claims for fraudulent transfer; one claim for a declaratory judgment, and one seeking a determination that a trust is holding property "as nominee" for Defendants Ken and Cherie Dillon. The claims rest on the following factual allegations, which the Court assumes to be true for purposes of this motion:

On August 11, 2017, Cherie Dillon and her husband, Defendant Kenneth Dillon, formed The Kenneth and Cherie Dillon Irrevocable Trust. They then transferred their home property from the Kenneth and Cherie Dillon Living Trust, to which they were trustees, to the irrevocable trust. They appointed Sue Shelly, a friend, as trustee of the irrevocable trust. The government alleges that the goal of the August 2011 transfer "was to shield the property from the United States' ability to enforce any future civil judgment against the residence." *Compl.*, Dkt. 1, ¶ 8. In that regard, the government alleges that at the time of the August 2017 transfer, Ms. Dillon had pleaded guilty to healthcare fraud in a criminal case pending in this Court; the Court had sentenced her and conducted a forfeiture and restitution hearing; and Ms. Dillon had been made aware that the government likely would file a civil action against her. A few months later, in December 2017, the government did file a civil action against Ms. Dillon, and the Court later entered a $550,000 civil judgment against her, in favor of the government. In the meantime,

the Dillons have continued to reside at the property, maintain the property, and pay property taxes on the property post transfer. Thus, the government claims that the irrevocable trust and its trustee do not exercise custody or control of the property and are acting simply as nominees of the Dillons.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," construed in light most favorable to the plaintiff. *Id.* at 570.

A claim is plausible when the plaintiff pleads facts upon which the Court can reasonably infer that the defendant may be liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a

complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (internal citation omitted).

## ANALYSIS

The Court will deny Ms. Dillon's motion to dismiss. Generally, Ms. Dillon engages with the factual merits of the government's claims, but does not address why the Government has failed to meet the pleading standard or whether the government has supported its claims with sufficiently detailed factual allegations.

Applying that standard, the Court easily concludes that the government has stated claims upon which relief can be granted. As noted above, the complaint details the previous criminal case against Dillon and her subsequent conviction that indebted her to the United States. The government then provides the dates of transfer of Dillon's property from a living trust to an irrevocable trust. Given that the transfer occurred two days after Ms. Dillon's restitution hearing in her criminal case, and after Dillon had been made aware that a future civil case likely would be filed, it's entirely plausible that the transfer was fraudulent and intended to hinder the government from collecting on amounts Ms. Dillon would owe to the government. Lastly, the government contends that the irrevocable trust is not functioning as such, since the Dillons have continued to pay property taxes and maintain the property with their own funds. Property in a trust that is not

functioning as trust property, coupled with Dillon's indebtedness, makes the government's alleged claims plausible. Accordingly, the Court will dismiss the pending motion to dismiss.

## ORDER

**IT IS ORDERED that** Defendant Cherie Dillon's pro se motion, which this Court has construed as a motion for dismissal under Rule 12(b)(6), is **DENIED.** Ms. Dillon is directed to file an answer to the pending complaint within 30 days of this Order.

DATED: December 4, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5