UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHERIE R. DILLON, individually and as the trustee of THE KENNETH AND CHERIE DILLON LIVING TRUST; KENNETH G DILLON, individually and as the trustee of THE KENNETH AND CHERIE DILLON LIVING TRUST; THE KENNETH AND CHERIE DILLON LIVING TRUST; THE KENNETH AND CHERIE DILLON IRREVOCABLE TRUST; AND SUE SHELLY, trustee of THE KENNETH AND CHERIE DILLON IRREVOCABLE TRUST,<br><br>Defendants. | Case No. 1:23-cv-00355-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Cherie R. Dillon's pro se Motion to Rescind Clerk's Entry of Default (Dkt. 20). For the reasons explained below, the Court will deny the motion.

## DISCUSSION

The United States filed this quiet title action on August 8, 2023. The

MEMORANDUM DECISION AND ORDER - 1

complaint names the following defendants: (1) Cherie R. Dillon, both individually and as trustee of the Kenneth and Cherie Dillon Living Trust (the "Dillon Living Trust"); (2) Kenneth G. Dillon, individually and as trustee of the Dillon Living Trust ; (3) the Dillon Living Trust; (4) the Kenneth and Cherie Dillon Irrevocable Trust (the "Dillon Irrevocable Trust"); and (5) Sue Shelley, as trustee of the Dillon Irrevocable Trust. Only one defendant—Cherie Dillon—has responded to the complaint. She responded with a motion to dismiss, which the Court denied. *See* Dkts. 8, 17. The remaining defendants have not appeared in this action. Accordingly, on December 4, 2023, the Clerk entered these defendants' defaults. *See* Dkt. 19. Shortly thereafter, Ms. Dillon filed the pending motion, which is styled as a "Motion Request to Rescind Clerk's Entry of Default." *See* Dkt. 20. Within her motion, Ms. Dillon argues that the default should be set aside as to her husband, Kenneth Dillon.

    The Court will deny this motion. Under Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for good cause. Here, Mr. Dillon has not even appeared in the action; rather, a co-defendant is seeking relief on his behalf. More specifically, Ms. Dillon is effectively seeking to represent her husband in an effort to have the default entered against him set aside. This is not permissible. If Mr. Dillon wishes to appear in this action, he must do so on his own—either through an attorney or acting pro se. For this reason, the Court will

MEMORANDUM DECISION AND ORDER - 2

not set aside the default against any of the non-appearing defendants based on the pending filing, filed only by Ms. Dillon.

Finally, the Court notes that Ms. Dillon filed a notice of appeal, which would ordinarily strip this Court of jurisdiction. *See* Dkt. 22. But that is not so here, because this Court has not yet entered a final decision. Rather, at this stage of the proceedings, the Court has simply denied Ms. Dillon's motion to dismiss, and she is seeking to appeal that order. The problem is that a denial of such a motion constitutes an interlocutory order that is not immediately appealable. The Ninth Circuit agreed with this assessment; on March 1, 2024, the circuit dismissed the appeal because "the order [Ms. Dillon] challenged in the appeal is not final or appealable." *See Mar. 1, 2024 Order,* Dkt. 28.

## ORDER

**IT IS ORDERED that** Defendant Cherie Dillon's Motion to Rescind Clerk's Entry of Default (Dkt. 20) is **DENIED.**

DATED: March 26, 2024

B. Lynn Winmill
U.S. District Court Judge