UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>CHERIE R. DILLON, individually and as the trustee of THE KENNETH AND CHERIE DILLON LIVING TRUST; KENNETH G DILLON, individually and as the trustee of THE KENNETH AND CHERIE DILLON LIVING TRUST; THE KENNETH AND CHERIE DILLON LIVING TRUST; THE KENNETH AND CHERIE DILLON IRREVOCABLE TRUST; AND SUE SHELLY, trustee of THE KENNETH AND CHERIE DILLON IRREVOCABLE TRUST,<br><br>　　　Defendants. | Case No. 1:23-cv-00355-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Before the Court is Defendant Kenneth G. Dillon's pro se motion, in which he seeks two different forms of relief. *See* Dkt. 32. First, he seeks relief from judgment under Federal Rule of Civil Procedure 60(b)(1). Second, he asks the Court to dismiss the complaint. For the reasons explained below, the Court will construe the motion for relief from judgment as one for relief from entry of default.

So construed, the Court will grant that motion. The Court will deny the motion to dismiss, however, for the reasons explained in an earlier order dismissing Defendant Cherie Dillon's motion to dismiss.

## BACKGROUND

In August 2023, the United States sued the above-named defendants in an effort to set aside or void an allegedly fraudulent transfer of real property— namely, a transfer of the Dillons' residence. The United States asserts four claims: two claims for fraudulent transfer; one claim for a declaratory judgment, and one seeking a determination that a trust is holding property "as nominee" for Defendants Ken and Cherie Dillon. The claims rest on the following factual allegations, which the Court assumes to be true for purposes of this motion:

On August 11, 2017, Cherie Dillon and her husband, Defendant Kenneth Dillon, formed The Kenneth and Cherie Dillon Irrevocable Trust. They then transferred their home from the Kenneth and Cherie Dillon Living Trust (of which they were trustees) to the irrevocable trust. They appointed Sue Shelly, a friend, as trustee of the irrevocable trust. The government alleges that the goal of the transfer "was to shield the property from the United States' ability to enforce any future civil judgment against the residence." *Compl.*, Dkt. 1, ¶ 8. In that regard, the government alleges that at the time of the August 2017 transfer, Ms. Dillon had pleaded guilty to healthcare fraud in a criminal case pending in this Court; the

Court had sentenced her and conducted a forfeiture and restitution hearing; and Ms. Dillon had been made aware that the government likely would file a civil action against her. A few months later, in December 2017, the government did file a civil action against Ms. Dillon, and the Court later entered a $550,000 civil judgment against her, in favor of the government. In the meantime, the Dillons have continued to reside at the property, maintain the property, and pay property taxes. Thus, the government claims that the irrevocable trust and its trustee do not exercise custody or control of the property and are acting simply as nominees of the Dillons.

## ANALYSIS

**1. The Motion for Relief from Entry of Default**

As a threshold matter, the Court will briefly explain the difference between a default judgment and entry of default. Entry of default is the first step in obtaining a default judgment, but it's not the same thing. *See, e.g., Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment."). Typically, a plaintiff will request a clerk's entry of default after a defendant has failed timely to respond to a complaint. Such a request is governed by Federal Rule of Civil Procedure 55(a), which provides:

> *Entering a Default*. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). Here, aside from Defendant Cherie Dillon, none of the named defendants responded to the complaint. Accordingly, the Clerk of the Court granted plaintiff's request for an entry of default as to these defendants. *See Dec. 4, 2023 Clerk's Entry of Default,* Dkt. 19.

The effect of an entry of default is to cut off the named defendants' right to appear in the action or to present evidence. At that point, the only available relief is for the defendant to seek to have the default set aside. *See* Fed. R. Civ. P. 55(c). A default *judgment*, by contrast, occurs after an entry of default, and is governed by Federal Rule of Civil Procedure 55(b). As explained in Rule 55(b), there, there are two types of default judgments—those entered by the Clerk, and those entered by the Court. In this case, however, the government has not sought or received any sort of default judgment. Accordingly, the Court will construe Mr. Dillon's motion for relief from a default judgment as seeking relief from the entry of default.

Federal Rule of Civil Procedure 55(c) provides that district courts may set aside entries of default for good cause. This is a discretionary call for the Court, and that discretion is "especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *O'Connor v. Nevada*, 27 F.3d 357,

364 (9th Cir. 1994) (citation omitted). In determining whether good cause exists to set aside an entry of default, a court considers three factors: (i) whether the defendant engaged in culpable conduct that led to the default; (ii) whether the defendant had no meritorious defense; or (iii) whether setting aside the entry of default would prejudice the opposing party. *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The defendant, as the party seeking relief from the entry of default, bears the burden of showing that these factors favor such relief. *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

Here, after having considered these factors, the Court finds that it would be appropriate to set aside the default. Among other things, Mr. Dillon has expressed some confusion as to whether an appearance by his wife would count as his own appearance. The Court will give Mr. Dillon the benefit of some doubt on that point. Further, the Court is not persuaded that Mr. Dillon would be unable to put forth a meritorious defense. Finally, the government would not be prejudiced by setting aside the entry of default.

## 2. The Motion to Dismiss

As noted above, Mr. Dillon also asks the Court to dismiss the government's complaint. But he mostly relies on the same arguments the Court already considered and rejected when it denied Defendant Cherie Dillon's motion to

dismiss. The Court will deny Mr. Dillon's motion to dismiss this motions for the reasons articulated in its earlier order. *See Order,* Dkt. 17. In short, the government's complaint easily satisfies the relevant pleading standards, notwithstanding Mr. Dillon's arguments to the contrary.

## ORDER

**IT IS ORDERED THAT** Defendant Kenneth G. Dillon's Motion (Dkt. 32) is **GRANTED IN PART and DENIED IN PART** as follows:

1. The motion is GRANTED to the extent that the Court will set aside the default as to Defendant Kenneth G. Dillon.

2. The motion is DENIED to the extent Mr. Dillon asked the Court to dismiss the complaint.

3. **Mr. Dillon is directed to file an answer to the pending complaint by no later than <u>November 22, 2024</u>.**

DATED: October 23, 2024

_____
B. Lynn Winmill
U.S. District Court Judge