UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHERIE R. DILLON, individually and as the trustee of THE KENNETH AND CHERIE DILLON LIVING TRUST; KENNETH G DILLON, individually and as the trustee of THE KENNETH AND CHERIE DILLON LIVING TRUST; THE KENNETH AND CHERIE DILLON LIVING TRUST; THE KENNETH AND CHERIE DILLON IRREVOCABLE TRUST; AND SUE SHELLY, trustee of THE KENNETH AND CHERIE DILLON IRREVOCABLE TRUST,<br><br>    Defendants. | Case No. 1:23-cv-00355-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the United States' Application for Entry of Default Against Cherie R. Dillon. *See* Dkt. 39. Additionally, Defendant Cherie Dillon has filed a motion asking for permission to submit interrogatories to government counsel. *See* Dkt. 38. For the reasons explained below, the Court will deny both requests and instead set a scheduling conference.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

In August 2023, the United States sued the above-named defendants in an effort to set aside or void an allegedly fraudulent transfer real property—namely, a transfer of the Dillons' residence. The United States asserts four claims: two for fraudulent transfer; one for a declaratory judgment, and one seeking a determination that a trust is holding property "as nominee" for Defendants Ken and Cherie Dillon. The claims rest on the following factual allegations:

On August 11, 2017, Cherie Dillon and her husband, Defendant Kenneth Dillon, formed The Kenneth and Cherie Dillon Irrevocable Trust. They then transferred their home property from the Kenneth and Cherie Dillon Living Trust, to which they were trustees, to the irrevocable trust. They appointed Sue Shelly, who is allegedly a friend, as trustee of the irrevocable trust. The government alleges that the goal of the August 2011 transfer "was to shield the property from the United States' ability to enforce any future civil judgment against the residence." *Compl.*, Dkt. 1, ¶ 8. In that regard, the government alleges that at the time of the August 2017 transfer, Ms. Dillon had pleaded guilty to healthcare fraud in a criminal case pending in this Court; the Court had sentenced her and conducted a forfeiture and restitution hearing; and Ms. Dillon had been made aware that the government likely would file a civil action against her.

A few months later, in December 2017, the government did file a civil action

against Ms. Dillon, and the Court later entered a $550,000 civil judgment against her, in favor of the government. In the meantime, the Dillons have continued to reside at the property, maintain the property, and pay property taxes on the property post transfer. Thus, the government claims that the irrevocable trust and its trustees do not exercise custody or control of the property and are acting simply as nominees of the Dillons.

## DISCUSSION

### A. The Request for Entry of Default

The United States asks the Court to enter Ms. Dillon's default under Federal Rule of Civil Procedure 55(a). Entry of default is "the essential first step in obtaining a default judgment for failure to respond." *Federal Civil Procedure Before Trial* (Cal. & 9th Cir. ed) ¶ 6.35. Once a defendant's default has been entered, defendant is barred from appearing in the action or presenting evidence. Instead, the only procedure available to the defendant at that point is to file a motion to set aside the default under Federal Rule of Civil Procedure 55(c).

The problem with the United States' request for a Clerk's entry of default is that Ms. Dillon has appeared in this action. She has filed various pleadings, including a motion to dismiss, an interlocutory appeal, and the above-mentioned motion seeking to engage in discovery. *See* Dkts. 9, 22, 38. Even a cursory read of these pleadings shows that Ms. Dillon is intent upon defending this action. For

example, in her motion to dismiss, she makes the following statements, among many others: (1) "The Government's assertion that the irrevocable trust is a fraudulent transfer is incorrect." *Motion,* Dkt. 8, at ¶ I.1; and (2) "The Irrevocable Trust was not by any means created to shield the property from future debts owed to the United States, or an actual intent to hinder, delay, or defraud a creditor." *Id.* ¶ I.9.

Thus, looking to the wording of Rule 55(a), it's not accurate to say that Ms. Dillon "has failed to plead . . . ." in this action. It's more accurate to question whether she has failed to "otherwise defend" by virtue of failing to file an answer after the Court denied her motion to dismiss. That is a more difficult question, and as best this Court can tell, the district court, rather than the clerk, will typically make this call. *Cf. City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, a district judge also possesses the inherent power to enter a default.") (internal citations omitted). Based on the record in this case, the Court will decline to find that Ms. Dillon has failed to "otherwise defend" this action and, accordingly, deny the government's request to enter her default. Instead, the more practical solution here is to treat Ms. Dillon's previously filed motion to dismiss as an answer, relieve her from filing a separate answer (which would almost surely just repeat what was said in the

motion to dismiss), and move on with the litigation. Typically, the Court would not proceed in this fashion—particularly after it explicitly ordered Ms. Dillon to file a formal response and she failed to do so. But Ms. Dillon is a pro se litigant; she has been active in this litigation; she plainly intends to defend the matter; and her previously filed motion to dismiss reads more like an answer anyway. *See generally* Fed. R. Civ. P. 8(b) (in its answer, a party must "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it[.]"). In fact, when the Court ruled on her motion to dismiss, it commented that Ms. Dillon generally engaged more with the factual merits of the government's claims instead of explaining why the government failed to meet the pleading standard. *See Order,* Dkt. 17, at 4.

For all these reasons, the Court will decline to enter Ms. Dillon's default. (The Court notes that the other defendants are in a different position, as they have failed to plead or otherwise defend this action. *See Clerk's Entry of Default,* Dkt. 19 (defaulting Kenneth G. Dillon, The Kenneth and Cherie Dillon Living Trust; The Kenneth and Cherie Dillon Irrevocable Trust; and Sue Shelly); *Clerk's Entry of Default*, Dkt. 44 (defaulting Kenneth G. Dillon)).

B.   The Request to Engage in Discovery

The next motion up for consideration is Ms. Dillon's recently filed motion, in which she seeks to pose interrogatories that would seek to "reveal why the

MEMORANDUM DECISION AND ORDER - 5

prosecution believes that Sue Shelley was a friend to the Dillon family, or whether the United States Attorney is utilizing idol [sic] accusations to void the transfer." *Motion,* Dkt. 38, at 1. In its complaint, the government alleges, on information and belief, that Sue Shelly is a friend of Cherie and/or Ken Dillon. *Compl.*, Dkt 1, ¶ 18. Also, as noted above, Sue Shelly allegedly serves as the trustee of an irrevocable trust that the Dillons created two days after Ms. Dillon's restitution hearing in her criminal case in this District. *See id.* ¶ 36.

The Court will deny this motion without prejudice because this District's Local Rules provide that "[u]nless otherwise agreed to between the parties or ordered by the Court, a party may not seek discovery from any source before the parties have met and conferred as required by Federal Rule of Civil Procedure 26(d) and (f), subject to the exception for early document requests provided by Federal Rule of Civil Procedure 26(d)(2)." D. Idaho Local Rule 26.2.[1] Put differently, Ms. Dillon may not yet seek discovery. Somewhat ironically, Ms. Dillon's failure to file an answer is what has prevented the Court from conducting a scheduling conference and then entering a scheduling order, which would then move the parties along toward discovery. (A court must ordinarily issue a

---

[1] https://www.id.uscourts.gov/clerks/rules_orders/Civil_Local_Rules.cfm

MEMORANDUM DECISION AND ORDER - 6

scheduling order within 90 days after any defendant has been served or 60 days after any defendant has appeared.  See Fed. R. Civ. P. 16(b)(2). The practical reality, however, is that this Court often will hold off on conducting these conference until after all parties have answers on file.

In any event, to move this litigation forward, the Court will set a scheduling conference by separate notice. The parties then must confer "as soon as practicable" and at least 21 days before that conference is held. *See generally* Fed. R. Civ. P. 26(f)(1).  Finally, the Court notes that the motion related to the interrogatories is likely moot, as the government has now filed a response answering the questions. *See* Dkt. 41.

## ORDER

IT IS ORDERED that:

1. The United States' Application for Entry of Default Against Defendant Cherie Dillon (Dkt. 39) is **DENIED.**

2. Defendant Cherie R. Dillon's Motion to Submit Interrogatories (Dkt. 38) is **DENIED WITHOUT PREJUDICE.**



DATED: January 29, 2025

_____
B. Lynn Winmill
U.S. District Court Judge